LYONS & FLOOD, LLP
Attorneys for Plaintiff
ERGO SHIPPING SA
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERGO SHIPPING SA,

       Plaintiff,

 - against -

HORUS SHIPPING & TRANSPORT S.A.E.,

       Defendant.
------------------------------------------------------------X

ECF CASE

07 Civ.

VERIFIED
COMPLAINT

  Plaintiff ERGO SHIPPING SA ("ERGO"), by its attorneys, Lyons & Flood LLP, as and for its Verified Complaint against defendant, HORUS SHIPPING & TRANSPORT S.A.E. ("HORUS"), alleges upon information and belief as follows:-

  1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333.

  2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 USC § 1331, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

  3. At all material times, plaintiff ERGO was and still is a corporation organized and existing under the laws of a foreign country, and was the disponent owner of the M/V "KATERINA G" ("the Vessel").

4. Upon information and belief, at all material times, defendant HORUS was and still is a corporation organized and existing under the laws of a foreign country. Defendant HORUS cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has tangible or intangible property within this District.

5. By an amended GENCON form charter party dated February 5, 2004 (the "Charter Party"), defendant HORUS chartered the Vessel from plaintiff ERGO for three consecutive voyages from Alexandria, Egypt to Valencia, Spain.

6. The first voyage under the Charter Party called for a shipment of cement from Egypt to Spain, and in connection with this first voyage, HORUS incurred hire charges (including freight and demurrage, etc.).

7. Defendant HORUS wrongfully and in breach of the Charter Party, withheld hire from plaintiff. As a result of defendant's wrongful breach of the Charter Party, plaintiff sustained damages and losses stemming from defendant's breach of the Charter Party.

8. Pursuant to Clause 19 of the Charter Party, disputes between plaintiff ERGO and defendant HORUS were to be decided by London arbitration. Plaintiff demanded arbitration pursuant to the terms of the Charter Party. The arbitration proceeded on documents with both parties submitting main and reply briefs.

9. On July 20, 2007, after the parties' submissions to the Arbitration Tribunal, the Tribunal rendered a Final Arbitration Award ("Award") in ERGO's favor and against HORUS in connection with HORUS' breach of the Charter Party. A true and correct copy of the Award is attached hereto as Exhibit A, on which ERGO seeks

recognition and enforcement.

10. The Award granted ERGO the sum of $45,306.87, plus interest of 5% per annum or pro rata compounded at quarterly rests from May 15, 2004 to July 20, 2007, and 7.5% per annum from August 4, 2007, to the date of payment, legal costs incurred in the arbitration to date, which amount is presently approximately $17,300.00, as well as $2,969.10 (£1,500.00) for the costs of the Final Arbitration Award plus interest of 6 ¼% per annum or pro rata compounded at quarterly rests from the date such costs were paid until payment.

11. Despite due demand, HORUS has not paid the amounts due and outstanding under the Award, and the entire amount remains due. Plaintiff ERGO has fulfilled all obligations required of it under the charter party.

12. This action is brought to confirm and enforce the Award, as well as to obtain security in respect thereto, and to obtain security for the additional sums which are due as a consequence of defendant's failure to honor the award in a timely fashion, which are recoverable under English law, the law applicable to the contract, and US law.

13. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

14. Plaintiff ERGO hereby demands payment of the Final Arbitration Award of $45,306.87, plus interest of 5% per annum or pro rata compounded at quarterly rests from May 15, 2004 to July 20, 2007, and 7.5% per annum from August 4, 2007, to the date of payment, legal costs incurred in the arbitration to date, which amount is presently approximately $17,300.00, as well as $2,969.10 (£1,500.00) for the costs of the Final Arbitration Award plus interest of 6 ¼% per annum or pro rata compounded at quarterly rests from the date such costs were paid until payment. As of July 31, 2007, the amount

due from defendant to plaintiff on the Final Arbitration Award is $73,800.00 (including interest).

WHEREFORE, plaintiff ERGO prays that:-

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant HORUS, citing them to appear and answer under oath all and singular the matters alleged;

b. since defendant HORUS cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff ERGO, in the amount of $73,800.00 to secure plaintiff ERGO's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged; and

c. plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: August 23, 2007

                                                LYONS & FLOOD, LLP
Attorneys for Plaintiff
ERGO SHIPPING SA

By: _____
Jon Werner (JW-5000)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2602003\Pleadings\Verified Complaint.doc

## **VERIFICATION**

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff ERGO SHIPPING SA in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff ERGO SHIPPING SA is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   August 23, 2007

_____
Jon Werner

U:\kmhldocs\2602003\Pleadings\Verified Complaint.doc